IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMES LONNIE BAKER, JR.,**
 Petitioner,

v.          Case No. 3:09cv444/LC/MD

**SECRETARY, DEPARTMENT OF CORRECTIONS,**
 Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent has filed a motion to dismiss the petition for lack of exhaustion. (Doc. 13). In response, petitioner has filed a "Motion to Declarate [sic] for Entry of Default," in which he contends his petition is entitled to review because his claims raise genuine factual disputes concerning whether his constitutional rights have been violated. (Doc. 17). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that petitioner has not exhausted the remedies available to him in state court. Therefore, the petition should be dismissed.

## DISCUSSION

On December 18, 2008 the Circuit Court of Santa Rosa County, Florida adjudicated petitioner guilty of two counts of felony battery and one count of contributing to the delinquency of a minor, pursuant to petitioner's counseled no contest plea in case number 07-829. (Doc. 13, Exs. B, C).[1] Petitioner was sentenced to 60 months probation for the first felony battery count followed by a consecutive term of 60 months probation for the second felony battery count. He was sentenced on the contributing to the delinquency of a minor to 12 months probation to run concurrent to the first term of probation. (Ex. C). Condition (5) of the probation order required petitioner to live without violating the law. (*Id.*).

On January 6, 2009, a violation of probation report was filed alleging that petitioner had violated his probation (condition 5) by striking and choking the victim. (Ex. D). Following an evidentiary hearing, petitioner's probation was revoked and he was sentenced on April 16, 2009 to 60 months imprisonment on the first felony battery count followed by a consecutive term of 12 months imprisonment on the second felony battery count. He was sentenced on the contributing to the delinquency of a minor to 364 days in the county jail to run concurrent to Count 2 (the second felony battery count). (Ex. E). On April 22, 2009, petitioner filed a notice of appeal to the Florida First District Court of Appeal ("First DCA"). (Ex. F).

Petitioner filed the instant federal habeas petition on October 1, 2009. In his petition he admits that his direct appeal is pending. (Doc. 1, p. 2). The state court records submitted by respondent, as well as the First DCA's online docket sheet demonstrate that petitioner's direct appeal is still pending. (Ex. F; *see also* www.1dca.org, case number 1D09-2005).[2] Petitioner's response to the motion to dismiss does not dispute this fact. (Doc. 17).

---

[1]Hereafter, all references to exhibits are to those provided at Doc. 13, unless otherwise noted.

[2]The court takes judicial notice of information on the State of Florida First District Court of Appeal website, *see* www.1dca.org.

*Case No: 3:09cv444/LC/MD*

**Title 28 U.S.C. § 2254(b)(1) provides that:**

**An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –**

**(A) the applicant has exhausted the remedies available in the courts of the State; or**

**(B)(i) there is an absence of available State corrective process; or**

**(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.**

**28 U.S.C. § 2254(c) provides that: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." In order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."** *O'Sullivan v. Boerckel*, **526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). Generally, failure to exhaust is grounds for dismissal of the petition.** *Keeney v. Tamayo-Reyes*, **504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992).**

**Because it appears from the face of the petition and the state court record that petitioner has failed to pursue his state remedies in full, he has not met § 2254(b)(1)(A)'s exhaustion requirement. It is therefore appropriate to dismiss the present action without prejudice to enable him to do so.**

## CERTIFICATE OF APPEALABILITY

**As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order**

adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 13) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1) be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 7th day of April, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**